# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SU ZHOU TIAN LU STEEL CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07-1323 |
| v. | ) ) | Magistrate Judge Caiazza |
| SHERMAN INTERNATIONAL CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

For the reasons that follow, the Plaintiff's lawsuit will be dismissed without prejudice.

Chinese lawyers Dai Xiang and Shou Jianrong ("Plaintiff's counsel") filed this lawsuit on behalf of Su Zhou Tian Lu Steel Co., Ltd., seeking the recognition and enforcement of an arbitration award entered against the Defendant by the Arbitration Institute of the Stockholm Chamber of Commerce. *See* Compl. (Doc. 1). Although not confirmed in the record, Plaintiff counsels' firm website indicates that Mr. Dai graduated from Soochow University Law School and the University of Macau in International Trade Laws, and Mr. Shou from the Jianghan Petroleum University in Petroleum Engineering. *See* website at http://www.huihuanglawfirm.com/en/index.asp.

On October 22, 2007, Plaintiff's counsel were ordered to show cause by November 16, 2007 why their appearances should not be stricken for their failure to register with the court's

Case Management/Electronic Case Filing program ("CM/ECF"). *See* Order in Misc. No. 06-34 (attached as Appendix "A" hereto).[1] Plaintiff's counsel did not respond to the Show Cause Order, and their appearances were terminated on November 20, 2007. *See* docket entry in 07-1323 dated Nov. 20, 2007 (copy of docket sheet attached as Appendix "B" hereto).

Given these events, the Plaintiff now proceeds in this case without legal representation, or "*pro se*." The law is clear, however, that a corporation cannot litigate in federal court without duly admitted legal counsel. *See, e.g.*, U.S. v. High Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) ("[a] corporation may appear in federal court only through [a] licensed" attorney), *cert. denied*, 513 U.S. 826 (1994).

The deficiencies in former Plaintiff counsels' appearances are not amenable to correction. An Order governing *pro hac vice* admissions in this District[2] requires attorneys to certify, (a) they are registered CM/ECF users, and (b) they have "read, know[] and understand[] the Local Rules of Court for the Western

---

[1] The Show Cause Order was mailed to Plaintiff's counsel at an address substantially similar to the one provided in the Complaint. *See* Appendix "A" at pg. 4. Even assuming the Order was not received, counsel nevertheless are ineligible to practice law before the United States District Court for the Western District of Pennsylvania. *See* discussion *infra* in text.

[2] *Pro hac vice* means "[f]or this turn; for this one particular occasion. For example, an out-of-state lawyer may be admitted to practice in a local jurisdiction for a particular case only." *See* Black's Law Dictionary 1227 (7th ed. 1999).

District of Pennsylvania." *See* Order in Misc. No. 06-151 dated May 31, 2006 (copy attached as Appendix "C" hereto).

Former Plaintiff's counsel have contacted the undersigned's chambers, by telephone and email, on multiple occasions. While counsels' understanding of the English language is commendable (and no doubt better than the undersigned's knowledge of Chinese), the court questions whether the attorneys' command of the language is sufficient for them to effectuate registration under CM/ECF and to fully comprehend this District's Local Rules, not to mention the Federal Rules of Civil Procedure and the applicable laws and statutes of the United States.

Even more problematical are the Local Rules governing the admission to practice law in the Western District. Specifically, Rule 83.2.1(C) states:

> Any person who is a member in good standing of the bar of the Supreme Court of Pennsylvania, or a member in good standing of the Supreme Court of the United States, or a member in good standing of any United States district court, may be admitted to practice before the bar of this court.

*See* Local Rules, found at web page http://www.pawd.uscourts.gov/Documents/Forms/lrmanual.pdf.

There is no indication Messrs. Dai or Shou are members of the bar of the Supreme Court of Pennsylvania, they are admitted to practice before the U.S. Supreme Court, or are members of any United States district court. *See id.* Under the circumstances,

these individuals are not eligible to represent the Plaintiff in this federal court.[3]

For all of these reasons, the Plaintiff's lawsuit is hereby **DISMISSED WITHOUT PREJUDICE**.[4] For the Plaintiff's convenience, the court has attached under Appendix "D" a publicly available list of Pennsylvania-licensed lawyers who have at least some fluency in the Chinese language. *See id.; see also* website at http://www.martindale.com (source of list).

DISMISSAL OF THIS CASE WITHOUT PREJUDICE IS SO ORDERED.

December 12, 2007

Francis X. Caiazza
U.S. Magistrate Judge

---

[3] The Local Rules' restrictions on eligibility to practice law are not without reason. As noted above, for example, Mr. Shou appears to have graduated from engineering school. *See* discussion *supra* in text. Allowing him to represent the Plaintiff here would run afoul of state and federal rules prohibiting the practice of law by persons without an appropriate legal education. *See* Standard Pennsylvania Practice 2d § 4:13 (updated Nov. 2007) (to qualify for Pennsylvania bar, applicant must "complete[] the study of law at and receive[] without exception an earned Bachelor of Laws or Juris Doctor degree from an [accredited or] unaccredited law school located within the boundaries of the United States") (citations omitted, emphasis added); *see also* Gaskin v. Pennsylvania, 2006 WL 2060437, *1 (3d Cir. Jul. 25, 2006) (party cannot be represented in federal court by non-lawyer) (citation omitted). Much as the Chinese courts may, and probably do, restrict persons' eligibility to practice before them, the state and federal courts in this country exercise the same prerogative.

[4] "Dismissal without prejudice" means the Plaintiff is not prohibited from refiling its lawsuit. *See* Orient Mineral Co. v. Bank of China, -- F.3d --, 2007 WL 3088281, *22 n.14 (10th Cir. Oct. 24, 2007) (citations omitted). In this case, however, if the Plaintiff refiles the lawsuit without appropriate legal representation, the case again will be dismissed.

cc (via email):

Dai Xiang (xiangdai1981@163.com)
Shou Jianrong (lawyershou@smmail.cn)
Mark A. Grace, Esq. (mgrace@cohenlaw.com)